## Independent Loose Leaf Warehouse, Inc. v. Howard et al.

October 3, 1947.

W. B. Ardery, Judge.

Henry H. Mathis and Lee Jones for appellant.

Eldon S. Dummit, Attorney General, and Roy W. House, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, and plaintiff below, Independent Loose Leaf Warehouse, Incorporated, was and is engaged in Greensburg, Kentucky, in the business of prizing and handling loose leaf tobacco. Its business is conducted in a large warehouse with suitable equipment. In September, 1941, its warehouse and equipment contained therein was destroyed by fire and appellant collected from its insurance company, or companies, the amount of $24,274.64 as contractual indemnity for its loss. In making out its statement of state income tax due the Commonwealth it omitted therefrom the collected insurance which, as it concluded, was that gains and losses from the sale or other disposition of property not subject to inventory in the business in which it had been used were not taxable under our income tax act. Such conclusion by it and its counsel was reached because of their interpretation of section 4281b—2, Carroll's Kentucky Statutes, now 141.100, KRS, subsection (1), which says: "Gains or losses from the sale or other disposition of any property shall be treated for the purposes of this chapter as all other income or loss, if the property is disposed of within two years from the time acquired. * * *"'

Since, therefore, the property was destroyed and the insurance collected and held by appellant for more than two years without any effort to tax it as income or otherwise, they contended that it was not liable therefor. The Department of Revenue contended otherwise, and made a deficiency assessment of income taxes due on the amount of collected insurance, the taxes amounting to $797.34 which appellant paid under protest. It thereafter prosecuted appeals, the last one being to the Franklin circuit court, in which it prayed that court for a judgment that no income tax liability existed against it based upon its collected insurance "and that plaintiff recover of the Department of Revenue of the Commonwealth of Kentucky the amount paid by it under protest with interest from the date of the payment, making a total of $955.08 and for interest on that sum until paid." A demurrer was filed to appellant's pleading in the circuit court which was sustained, and appellant declining to plead further, its action was dismissed.

The ground upon which the court sustained the de-

murrer was that the word "disposition" in our statute supra did not embrace involuntary disposition, but only one motivated by the taxpayer or owner, and that the collected insurance, regardless of the date of disposition or collection was nevertheless taxable as ordinary income.

We are convinced that counsel for appellant are incorrect in their interpretation that gains in assets arising from sale or exchange of property—each of which are motivated by the property owner—embraces destruction by fire as being other disposition as contained in our statute. On the contrary it is a non-motivated disposition. The learned judge of the Franklin circuit court, therefore, was correct in so holding, but he was in error when he held that the insurance proceeds was ordinary income subject to be taxed under our income tax statute.

The U. S. Supreme Court in the case of Helvering v. William Flaccus Oak Leather Co., 313 U. S. 247, 61 S. Ct. 878, 85 L. Ed. 1310, interpreted the language of the KRS section supra, i. e. "gains or losses from the sale or other disposition of any property," (which is same in the Federal Statute, 26 U. S. C. A. Int. Rev. Code, sec. 117(d) and held that a destruction of property otherwise than by a motivated act of the owner was not embraced as being within the language of the statute. Other cited federal cases in that opinion support the court's conclusion. The Franklin circuit court was therefore correct in so holding.

On the question of whether the collected insurance fund should be considered as a gain or income and therefore taxable under our income tax statute, the appellees by their counsel rely on the case of Herdor v. Helvering, 70 App. D. C. 287, 106 F. 2d 153, in which it was held that under subsection (a) of sec. 111 of 26 U. S. C. A. Int. Rev. Code, as expanded by subsection (f) of sec. 112 of the same volume, no part of the collected insurance is taxable if invested in reconstruction of similar property to be used for the same purpose, as set out in the Federal statute supra. But we have no corresponding enactment or provision as to reinvestment in our income tax statute. Nor is there any definition given in our statute as to what would constitute "gains or losses,"

such as are here involved. Our conclusion therefore is that the alleged income, composed of the amount of insurance collected by appellant, cannot be considered as taxable income under our statute. On the contrary the amount is only an indemnity by substitution of a different character of property for that which was involuntarily destroyed by the fire not motivated by the taxpayer, thereby indemnifying the insured to the extent of the value of the property destroyed and resulting in no real gain of assets by him or it.

At the expense of some repetition we will restate for more complete clarification our conclusion by saying that the ordinary meaning of the word "sale" carries with it the thought that the article sold was priced, and the ordinary meaning of the word "exchange" with relation to the disposition of property carries with it the thought that two different pieces of property are exchanged without the price of either being fixed. Under the ordinary meaning of the words "sale or exchange," property destroyed by fire is neither sold nor exchanged.

The insurance company simply indemnifies the owner of the insured property for his involuntary loss of property as a result of the fire. It has no connection with and is not a part of a transaction that could be either described as a sale or an exchange of property. The ownership of the warehouse was not transferred or vested in the insurance company.

When we examine subsection (5) of section 141.010, KRS, which enunciates the factors constituting gross income, we do not find proceeds from an insurance company indemnifying the owner for loss of property by fire enumerated as one of those factors.

An examination of subsection (b) of 2, section 141.-120, KRS, discloses that it does not embrace insurance proceeds as a factor of gross income. Unless the proceeds of insurance is named as one of the factors of gross income in our insurance tax act, the act simply does not tax such proceeds as a part of the income of a natural or fictitious person.

In construing the words "other disposition," after the word "sale," we should follow the old rule of ejusdem generis, and not incorporate a factor wholly dif-

ferent from the meaning of the words "sale or exchange," and this is especially true in this case under the rule that in construing a taxing statute all ambiguity should be resolved in favor of the taxpayer. It is obvious that the proceeds of the fire insurance policy did not result from either sale or exchange of property. This payment is the satisfaction of a contract of insurance indemnifying against contingent loss by fire. This being true, we think the general demurrer of plaintiff's petition should be overruled. See (c) of 4 of section 141.080, KRS.

Wherefore for the reasons stated the judgment is reversed with directions to overrule the demurrer to plaintiff's statement or petition filed in the Franklin circuit court and to render judgment in its favor as prayed for in its pleading unless some sustainable defense should be interposed by answer.